NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH PIERRE ROY, | No. 20-55719 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-02547-JFW-AS |
| v. | |
| SCHOLASTIC BOOK FAIRS, INC., a Delaware corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 12, 2021[**]

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Keith Pierre Roy appeals pro se from the district court's judgment

dismissing his diversity action alleging state law employment claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  *Lyon v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). We affirm.

The district court properly dismissed Roy's discrimination and harassment claims under California's Fair Employment and Housing Act ("FEHA"), retaliation claim under California Labor Code section 1102.5(b), and claim for wrongful termination in violation of public policy, because Roy failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff fails to show he is entitled to relief if the complaint's factual allegations "do not permit the court to infer more than the mere possibility of [the alleged] misconduct"); *Harris v. City of Santa Monica*, 294 P.3d 49, 66 (Cal. 2013) (the protected characteristic must be a substantial motivating factor for the employment decision for a FEHA discrimination claim); *Aguilar v. Avis Rent A Car Sys., Inc.*, 980 P.2d 846, 851-52 (Cal. 1999) (setting forth requirements of harassment claim under FEHA); *Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1032-33 (Cal. 1994) (setting forth requirements of claim for wrongful termination in violation of public policy); *Patten v. Grant Jt. Union High Sch. Dist.*, 37 Cal. Rptr. 3d 113, 117 (Ct. App. 2005) (setting forth the elements and providing framework for analyzing retaliation claims under Cal. Lab. Code § 1102.5).

The district court properly denied Roy's motion to remand the action to state court because the district court had subject matter jurisdiction under 28 U.S.C. § 1332, and the action was properly removed under 28 U.S.C. § 1441. *See*

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (requirements for diversity jurisdiction under § 1332); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 974 n.2 (9th Cir 2004) (denial of a motion to remand a removed case is reviewed de novo).

The district court did not abuse its discretion by striking Roy's postjudgment motion for violating the local rules. *See* C.D. Cal. R. 7-4; *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (standard of review for district court's compliance with its local rules).

**AFFIRMED.**